IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D.A., a minor, and C.G. and D.A., Jr., as Parents and Natural Guardians of D.A.<br><br>　　　　Plaintiffs<br><br>v.<br><br>SCRANTON SCHOOL DISTRICT<br>425 N. Washington Avenue<br>Scranton, PA<br><br>　　　　Defendant | Civil Action<br><br>No.: |

## COMPLAINT

Plaintiff, D.A., a student in the Scranton School District and his parents, C.G. and D.A., Jr., as parents and natural guardians of D.A. (hereinafter collectively referred to as "Plaintiffs"), through their attorney, John J. Minora, Esquire, file the following Complaint against Scranton School District:

**PARTIES**

1. Plaintiff, D.A., (hereinafter referred to as "Student"), resides with his parent, C.G. His residence is located within the boundaries of the Scranton School District. At all times relevant to this Complaint, D.A. resided and continues to reside within the geographical boundary of the Scranton School District.

2. C.G. and D.A., Jr. (hereinafter referred to as "Parents") are adults who have resided and continue to reside at all times relevant to this Complaint within the geographical boundaries

of the Scranton School District. At all times relevant hereto, C.G. and D.A., Jr. have been the parents and guardians of D.A.

3. The Scranton School District (hereinafter referred to as "School District") is a governmental entity which, pursuant to State law and with receipt of a substantial amount of Federal funds, provides educational services to school aged children residing within its boundaries. The School District is governed by a nine-member Board that is commissioned by the Commonwealth of Pennsylvania to administer and enforce, *inter alia*, the statutory mandates of the: IDEA, Rehabilitation Act of 1973, 29 U.S.C. §794 (hereinafter referred to as "Section 504"); Americans with Disabilities Act, 42 U.S.C. §12111, hereinafter referred to as "ADA"); and other related federally funded programs to eligible students enrolled in the school district. The School District's administrative offices are located at 425 North Washington Avenue, Scranton, Pennsylvania, 18503.

**JURISDICTION AND VENUE**

4. Plaintiffs' claims arise from the IDEA and its implementing regulations, 34 C.F.R. part 300, et.seq.; Section 504; Section 1983 of the Civil Rights Act of 1964 (hereinafter referred to as "Section 1983"); and the Fourteenth Amendment of the United States Constitution. 28 U.S.C.S. §1331 provides that United States District Courts have original jurisdiction over matters where a federal question is raised in cases arising under the Constitution, laws, or treaties of the United States.

5. Section 1343 of 28 U.S. Code, provides that United States District Courts have original jurisdiction of any civil action to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by

the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

6. This Court has jurisdiction over state claims raised by the Plaintiffs under 28 U.S.C. §1367, which states that:

> "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as the Defendant is located in this judicial district and conducts business within this judicial district. All Plaintiffs reside in this judicial district and their claims arose within the geographical boundaries of this judicial district.

## STATUTORY AND REGULATORY BACKGROUND

8. The IDEA and its implementing regulations require that school districts provide qualified disabled children with a free appropriate public education (hereinafter referred to as "FAPE"). Section 1415 of the IDEA creates administrative and judicial due process rights and procedures that a parent can invoke if a dispute arises with a school district regarding FAPE.

9. The IDEA and its implementing regulations state that "the court, in its discretion, may award reasonable attorney's fees as part of the costs to the parents of a child with a disability who is the prevailing party." 34 C.F.R. §300.513(a). The regulations also state that "fees awarded under [the regulations] must be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." Id. at (c)(1).

10. Section 504 prohibits discrimination against persons with a handicap, including students with disabilities, particip0ating in federally funded programs. It requires the identification of all disabled students and the provision of appropriate special educational services. Section 504 defines a "handicapped person" as "any person who has a physical or mental impairment which substantially limits one or more major life activities." 34 C.F.R. §104.3. A physical or mental impairment is "any physical or psychological disorder." Id. Section 504 requires recipients of federal funds to provide FAPE to each qualified handicapped person who is in the recipient's jurisdiction, regardless of the nature and severity of the person's handicap." 34 C.F.R. §104.3.

11. Section 504 also states that "in any action or proceeding to enforce or charge a violation of a provision of this title [29 USCS §§790 et seq.], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 29 U.S.C. 794(a).

12. The ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

13. The Civil Rights Act of 1967 states that:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. §1983

14. The Civil Rights Act of 1964 also states that "the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee as part of the costs" for claims raised under Section 1983. Id. at §1988.

15. Pennsylvania law requires that:

> "Every child, being a resident of any school district, between the ages of six (6) and twenty-one (21) years, may attend the public schools in his district, subject to the provisions of this act, notwithstanding any other provision of law to the contrary, a child who attains the age of twenty-one (21) years during the school term and who has not graduated from high school may continue to attend the public schools in his district free of charge until the end of the school term." 24 P.S. §13-1301.

**FACTUAL BACKGROUND**

16. The Student has disabilities that impact his life.

17. The Student is eligible for special education services under the IDEA disability categories with a primary disability of Other Health Impairment and a secondary disability of Emotional Disturbance.

18. On March 27, 2024, the Parents filed a special education due process hearing Complaint against the School District alleging that the School District violated federal statutes by failing to adequately develop and provide special education programs for the Student's specific needs. (See attached special education due process hearing Complaint marked as Exhibit "1" and referred to hereinafter as "Due Process Complaint").

19. On Wednesday, July 17, 2024, an email was sent to counsel for the School District confirming settlement and requesting the Settlement Agreement.

20. On Thursday, July 18, 2024, emails were exchanged with counsel for the School District regarding Father's name and signature regarding the Settlement Agreement.

21. On Tuesday, July 23, 2024, an email was sent to School District counsel with Parents' counsel's Final Bill for Services Rendered and a W9.

22. On Friday, August 9, 2024, a follow-up email was sent to School District counsel requesting the Settlement Agreement again. The Settlement Agreement was received the same

afternoon. (See attached Settlement Agreement and Release marked as Exhibit "**2**" and referred to hereinafter as "Settlement Agreement").

23. In review of the Settlement Agreement, it was noted Father's name was misspelled on the final page, signature line. This was corrected manually. The Father would initial correction when executing the Settlement Agreement.

24. In further review of the Settlement Agreement, Paragraph 29 states the following:

> **RESIDENCE WITHIN DISTRICT:**
> The District's obligations under this Agreement shall continue so long as the Student remains a resident of the District. The District's obligations under this Agreement shall automatically terminate upon the Student's relocation outside the geographical boundaries of the District.

This paragraph was removed as compensatory education funds under IDEA are portable. The admission of this paragraph regarding residence within the District in the Settlement Agreement was not negotiated nor agreed to during settlement negotiations.

25. On Friday, September 6, 2024, Mother picked up Settlement Agreement in counsel's office to have executed by Father. Mother will return Settlement Agreement when executed by both parents.

26. On Monday, September 16, 2024, Mother returned executed Settlement Agreement to counsel's office.

27. The Settlement Agreement was returned to School District counsel with the removal of Paragraph 29 and the correction of Father's last name (initialed). School District counsel was advised of the revisions and the basis for the revisions. Counsel for parents requested the Settlement Agreement be placed on the agenda for approval at the next School District Board meeting.

28. On Tuesday, September 17, 2024, School District counsel responded that the Settlement Agreement revised unilaterally could not be submitted, but counsel would confer with her client regarding the revision.

29. Later on Tuesday, September 17, 2024, School District counsel responded that, "I have conferred with my client. A unilaterally altered SAR cannot be submitted to the Board. The revision was not a subject of negotiation and was not agreed-to."

30. On Thursday, September 19, 2024, Parents' counsel responded to District counsel advising that we will file a Petition to Enforce Settlement as we did not negotiate nor agree to Paragraph 29.

31. On Thursday, September 19, 2024, School District counsel advised "As we never negotiated that paragraph, you cannot unilaterally remove it. That is exactly the problem." (See attached email of Thursday, September 19, 2024 marked as Exhibit "**3**", referred to hereinafter as "9/19/2024 Email").

**LEGAL CLAIMS**

**COUNT I**
**Compensatory Education Funds are Portable Under IDEA**

32. The Plaintiffs incorporate the preceding paragraphs as if set out here in full.

33. Plaintiffs agreed to and confirmed Settlement with Defendant on July 17, 2024.

34. The proposed Settlement Agreement was received on August 9, 2024 from Defendant following a follow-up request by Plaintiffs.

35. Plaintiffs' counsel removed Paragraph 29, which stated that the Compensatory Education funds would no longer be available if the Student moved outside the boundaries of

the District. This paragraph was removed because it was not negotiated as part of the settlement. Also, Compensatory Education funds are portable under IDEA.

36. Plaintiffs executed the Settlement Agreement and returned the same on September 16, 2024.

37. Plaintiffs' counsel forwarded the executed Settlement Agreement, with Paragraph 29 removed, to School District counsel on September 16, 2024, with noted revision given that Paragraph 29 was not negotiated and that Compensatory Education funds are portable under IDEA.

38. District counsel responded that 'it was not negotiated and Plaintiffs could not unilaterally remove Paragraph 29 and the Settlement Agreement would not be placed before the Board for approval'.

WHEREFORE, Plaintiff respectfully requests this Honorable Court issue an Order requiring Defendant to complete settlement of the above matter by removing Paragraph 29 from the Settlement Agreement within ten (10) days and placing it on the agenda for approval at the next School District Board meeting.

          Respectfully submitted,

          MINORA KROWIAK MUNLEY BATYKO

          _____
          JOHN J. MINORA, ESQUIRE
          Attorney for Plaintiffs

700 Vine Street
Scranton, PA 18510
(570) 961-1616